**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorneys for Plaintiff,*
Gregory Kramer

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREGORY KRAMER,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYPAL, INC.,**<br><br>Defendants. | **Case No.:** 2:23-cv-03293<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1. **THE ELECTRONIC FUND TRANSFER ACT, 15 U.S.C. § 1693, ET SEQ.**<br>2. **CALIFORNIA IDENTITY THEFT ACT, CAL. CIV. CODE §1798.92 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO. CA 94104

**INTRODUCTION**

1. Plaintiff is a victim of identity theft. An unknown and unauthorized individual hijacked his PayPal account, and attempted to withdraw $16,923.08 (13,200 Euros) from Plaintiff's PayPal account, which was attached to his Bank of America account. Plaintiff managed to stop payment from his Bank of America account, and notified PayPal that the withdrawal was fraudulent, but PayPal paid out the entire amount anyway, and is now demanding payment from Plaintiff for the entire fraudulent amount. PayPal continues to claim that Plaintiff owes it over $16,000.

2. Plaintiff provided Defendant PayPal with an Identity Theft Notification ("IDTN") by certified mail, sent on May 12, 2022, and received by PayPal on May 18, 2022, which included written notice that Plaintiff was a victim of identity theft, a signed affidavit of identity theft, a police report regarding the identity theft, a copy of Plaintiff's driver's license, 5 copies of Plaintiff's signature, Plaintiff's address verification, proof of the Bank of America stop payment, and documents showing Plaintiff's payments on his PayPal credit account (that Plaintiff was unable to make online payments on because PayPal/Synchrony blocked his access to his legitimate credit account because of the fraudulent withdrawal charge on his PayPal non-credit account).

3. Nonetheless, PayPal has continued to claim that Plaintiff owes it over $16,000 for the fraudulent charge made to Plaintiff's PayPal non-credit account.

4. To date, PayPal has refused to fully and properly investigate Plaintiff's claim of identity theft, and that the account was taken over and a withdrawal made without Plaintiff's permission or authorization, and has instead continued to attempt to collect this debt from Plaintiff that was incurred as a result of identity theft in violation of the California Identity Theft Act, Cal. Civ. Code §1798.92 et seq.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

5.  **GREGORY KRAMER** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **PAYPAL, INC.** for violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (hereinafter "EFTA"), and for violations of the California Identity Theft Act Cal. Civ. Code §1798.92 et seq (hereinafter "CITA").

6.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8.  All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

9.  Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

10.  The CITA found at §§1798.92-1798.93, provides that "a person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person." A claimant is someone "who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." A victim of identity theft is "as person who had his or her personal identifying information used without authorization by another to obtain credit, goods, services, money, or property, and did not use or possess the credit, goods, services, money, or property obtained by the identity theft, and filed a police report in this regard." Additionally, a victim of identity theft is entitled to a civil

penalty of up to $30,000 if the victim shows that: 1) at least 30 days prior to filing a court case (or within the cross-complaint), the victim provided written notice to the claimant that a situation of identity theft might exist and explain the basis for that belief, 2) that the claimant failed to diligently investigate the victim's notification of a possible identity theft, and 3) that the claimant continued to pursue its claim after it was presented with facts that were later held to entitle the victim to a judgment pursuant to CITA. Other remedies available to a CITA victim include actual damages, attorneys' fees and costs, and equitable relief that the court deems appropriate.

## JURISDICTION AND VENUE

11. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1693 et seq., and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

12. This action arises out of Defendant's violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. (hereinafter "EFTA") and violations of the California Identity Theft Act, Cal. Civ. Code §198.92 et seq. ("CITA).

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## EFTA

14. "To address concerns raised by the increasing prevalence of electronic banking transactions, Congress enacted the Electronic Fund Transfer Act of 1978 (EFTA), 15 U.S.C. § 1693 *et seq.* Lawmakers viewed such transactions— processed through computer networks without human interaction—as 'much more vulnerable to fraud, embezzlement, and unauthorized use than the traditional payment methods.' *Bank of America v. City and County of San*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

*Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (quoting H.R. Rep. No. 95-1315, at 2 (1978)). Consumer groups urged Congress to provide protection from liability for unauthorized transfers, similar to the protection Congress had already afforded for unauthorized credit card charges. *See* 15 U.S.C. § 1643(a) (imposing a $50 cap on liability for unauthorized credit card use); Lewis M. Taffer, *The Making of the Electronic Fund Transfer Act: A Look at Consumer Liability and Error Resolution*, 13 U.S.F. L. Rev. 231, 238 (1979). Congress responded in the EFTA by imposing a similar, but not identical, cap on a consumer's liability for unauthorized electronic fund transfers." *Widjaja v. JPMorgan Chase Bank, N.A*, D.C. No. 2:19-cv-07825-MWF-AFM (9th Cir. 2021).

## PARTIES

15. Plaintiff is natural person who reside in the County of Los Angeles, State of California. Plaintiff is currently and has been at all times complained of, a "Person" as that term is defined by Regulation E in 12 C.F.R. 1005.2(j), and is a "victim of identity theft" as that term is defined by Cal. Civ. Code §1798.92(d). Plaintiff is a "senior citizen" and/or "disabled person" as those terms are defined in subdivisions (f) and (g) of Cal. Civ. Code § 1761.

16. Defendant PayPal, Inc. (hereinafter "Defendant PayPal" or "PayPal") is a Delaware corporation operating from an address of 2211 North First Street, c/o Corporate Legal Department, San Jose, CA 95131 and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j). Defendant is a "Financial Institution" as that term is defined by Regulation E in 12 C.F.R. 1005.2(i).

17. Defendant PayPal purports to have a claim for, and/or has attempted to collect money or an interest in property in connection with a transaction procured through identity theft and is therefore a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

18. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

**FACTUAL ALLEGATIONS**

19. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

21. Plaintiff's account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

22. On or around January 4, 2021, Plaintiff's computer was the subject of a ransomware attack, and he received an alert from PayPal that someone was trying to process a 13,200 Euro charge through Plaintiff's PayPal account.

23. Plaintiff immediately called PayPal and spoke to a representative, telling the representative that it was not him, that it was fraud, and asking PayPal not to complete the transaction.

24. Plaintiff also immediately called Bank of America (the location of the bank account that was tied to his PayPal account), and put a stop payment for this transaction.

25. The next day, Plaintiff saw a $16,983.08 charge on his PayPal account. PayPal had paid out the withdrawal transaction despite being told by Plaintiff that it was fraud and he did not want the transaction to go through.

26. Bank of America successfully put a stop payment on the transaction, so no money was withdrawn from Plaintiff's Bank of America account.

27. Plaintiff's PayPal account was $16,983.08 in the negative because of the 13,200 Euro charge (different numbers represent the exchange rate at the time of the transaction).

28. PayPal has put a block on all of Plaintiff's accounts, including Plaintiff's PayPal credit card (with which PayPal cooperates with Synchrony Bank to operate), so Plaintiff has had to make payments toward his PayPal credit card via check instead of online.

29. Plaintiff opened a dispute with PayPal regarding the fraudulent transaction on his account via phone on January 4, 2021.

30. On January 12, 2021, Plaintiff received an email stating that PayPal had seen some unusual activity on his account, and they were concerned someone was using his account without permission. PayPal limited some of Plaintiff's account features in response.

31. Plaintiff filed a Complaint Referral Form online with the Internet Crime Complaint Center (the Nation's central hub for reporting cyber crime run by the FBI) on February 3, 2021.

32. On or around February 12, 2021, Plaintiff received an email from PayPal stating that his claim of fraud had been denied "because the transaction was not unauthorized."

33. At the same time, on February 12, 2021, Plaintiff received another email from PayPal stating that he had previously appealed the fraud denial and was denied

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

again, and that his second appeal was also being denied because PayPal "determined there was no unauthorized use."

34. Plaintiff then received a dunning notice dated February 15, 2021, from American Coradius International, LLC, on behalf of PayPal, attempting to collect the $16,923.08 balance from Plaintiff.

35. Plaintiff handwrote a letter to American Coradius International, LLC, dated February 23, 2021, stating he as a victim of identity theft, and including documentation of the FBI case filed on January 14, 2021, regarding the fraudulent transaction, as well as documentation of PayPal's denials of his fraud claim.

36. Plaintiff received a letter dated March 29, 2021, stating that his PayPal credit account (where there had been no fraud) had been closed.

37. Plaintiff received another letter dated May 4, 2021, stating that his PayPal credit account (where there had been no fraud) had been closed due to fraud.

38. Plaintiff filed a police report regarding the fraudulent transaction on May 13, 2021, with the Glendora Police Department.

39. Plaintiff filed an FTC Identity Theft Affidavit on May 14, 2021 at www.identity theft.gov(?).

40. Plaintiff received an email dated July 2, 2021, stating that his PayPal account (where there had been fraud) was suspended because there was suspicious activity on his last transaction.

41. On May 12, 2022, Plaintiff sent Defendant PayPal a full IDTN via certified mail (in accordance with Cal. Civ. Code § 1798.93(6)(a-c), which was received by Defendant PayPal on May 18, 2022.

    a. Attached to this IDTN was a copy of Plaintiff's Identity Theft Affidavit, Plaintiff's police report, a copy of Plaintiff's driver's license, examples of Plaintiff's signature, proof of the Bank of America stop payment,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

and documents showing Plaintiff's payments on his PayPal credit account (that Plaintiff was unable to make online payments on because PayPal/Synchrony blocked his access to his legitimate credit account because of the fraudulent withdrawal charge on his PayPal non-credit account).

b. Plaintiff also requested in the IDTN, that the information listed under Cal. Penal Code §530.8 be provided to him by Defendant PayPal within 10 days of receipt of the IDTN and such request.

42. On information and belief, to date, Plaintiff has not received any of the information listed under Cal. Penal Code §530.8 as requested in his May 12, 2022, IDTN.

43. Plaintiff received an email from PayPal on July 27, 2022, stating that his PayPal account had been locked since May 9, 2021, because there was a negative balance for an extended period of time.

44. Plaintiff received an email from PayPal on August 10, 2022, stating that Plaintiff's PayPal account could not be unlocked without him "resolving" the negative balance of $16,923.08 on the account. This email also prompted Plaintiff to call the PayPal collections department or send a check to PayPal's accounting department to pay the balance.

45. On October 7, 2022, Plaintiff received an email from PayPal saying his account was suspended because of suspicious activity on his account.

46. On October 13, 2022, Plaintiff received an email from PayPal saying his account was suspended because of suspicious activity on his account.

47. Defendant therefore purports to have a claim for and/or has attempted to collect money from or has maintained an interest in property in connection with a transaction procured through identity theft, and is therefore a "claimant" as that term is defined under Cal. Civ. Code §1798.92(a).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

48. Defendant did not make a good faith investigation of the unauthorized electronic fund transfer.

49. Defendant did not conclude its alleged investigation within 10 days of receiving Plaintiff's dispute.

50. Defendant did not provisionally credit Plaintiff's account in the amount of the fraudulent transfer.

51. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

52. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

53. Through this conduct, Defendant violated 15 U.S.C. § 1693f.

54. Defendant imposed liability on Plaintiff for the entirety of the disputed transactions and fees of $16,923.08.

55. Through this conduct, Defendant violated 15 U.S.C. § 1693g(a).

56. Defendant owed Plaintiff notifications regarding the limitations of his liability in the event of fraud under 15 U.S.C. § 1693c(a)(1) and (2) at the time that her account was established. On information and belief, Defendant did not provide these notices.

**ACTUAL DAMAGES**

57. Plaintiff has suffered actual damages as a result of these illegal tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

58. Additionally, Plaintiff's PayPal credit account was closed (no fraud on this account), his ability to make payments to this credit account online was removed completely and without notice, so there were at least 2 months of late payments that were reported to Plaintiff's credit report in addition to the account closure, causing his credit score to drop almost 100 points.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

### COUNT II

### VIOLATION OF THE CITA

### CA. CIV. CODE §1798.93

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant PayPal constitutes numerous and multiple violations of CITA.

63. Plaintiff brings this cause of action pursuant to Cal. Civ. Code §1798.93. Plaintiff is the victim of identity theft in connection with the alleged claims of Defendant PayPal based upon alleged debt(s) and/or security interest resulting from identity theft.

64. Plaintiff has provided written notice to Defendant PayPal that a situation of identity theft did exist as to the January 4, 2021, transaction in the amount of

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

13,200 Euros ($16,923.08), and provided PayPal documents to prove such ID theft, including a copy of the Police Report regarding such identity theft.

65.  Defendant PayPal has failed to diligently investigate Plaintiff's notification of identity theft.

66.  Defendant PayPal has continued to purport to have a claim or interest in collecting the debt incurred as a result of identity theft from Plaintiff after Defendant PayPal was presented with the facts that entitle Plaintiff to a judgment pursuant to Cal. Civ. Code § 1798.93.

67.  As a result of each and every violation of the CITA, Plaintiff is entitled to actual damages, including emotional distress damages, pursuant to Cal. Civ. Code § 1798.93(a)(5); attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5); any equitable relief the court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5); and a civil penalty, in addition to any other damages, of up to $30,000.00, from Defendant PayPal, pursuant to Cal. Civ. Code § 1798.93(c)(6).

68.  In addition, Plaintiff is entitled to a declaration that Plaintiff is not obligated to Defendant PayPal on any claim under Cal. Civ. Code § 1798.93(c)(1); a declaration that any claim to payment, security interest or other interest Defendant PayPal purportedly has for the January 4, 2021, fraudulent transaction is void and unenforceable, under Cal. Civ. Code § 1798.93(c)(2); an injunction restraining Defendant PayPal from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim under Cal. Civ. Code § 1798.93(c)(3); and the dismissal of any cause of action based on a claim, which arose because of identity theft under Cal. Civ. Code § 1798.93(c)(4).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) against Defendant and for Plaintiff, and,

b) Award of Treble damages pursuant to Cal Civ §3345, against Defendant and for Plaintiff, and,

c) Award of treble damages pursuant to 15 U.S.C. § 1693f(e), against Defendant and for Plaintiff, and,

d) Award of statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A), against Defendant and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3), against Defendant and for Plaintiff, and,

f) Actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant PayPal and for Plaintiff;

g) An award of any equitable relief the Court deems appropriate, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant PayPal and for Plaintiff;

h) A civil penalty of up to $30,000.00, pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant PayPal and for Plaintiff;

i) Costs and reasonable attorneys' fees pursuant to Cal. Civ. Code § 1798.93(c)(5) against Defendant PayPal and for Plaintiff;

j) A declaration that Plaintiff is not obligated to Defendants on any claims pursuant to Cal. Civ. Code § 1798.93(c)(1) against Defendant PayPal and for Plaintiff;

k) A declaration that any security interest, or other interest, Defendant purportedly obtained in Plaintiff's property, in connection with any claim, is void and unenforceable pursuant to Cal. Civ. Code § 1798.93(c)(2) against Defendant PayPal and for Plaintiff;

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

l)   The dismissal of any cause of action filed based on a claim, which arose as a result of identity theft pursuant to Cal. Civ. Code § 1798.93(c)(4) against Defendant PayPal and for Plaintiff;

m)  An injunction restraining Defendant from collecting or attempting to collect on the claim, from enforcing or attempting to enforce any security interest or other interest in Plaintiff's property in connection with the claim, or from enforcing or executing on any judgment against Plaintiff on the claim pursuant to Cal. Civ. Code § 1798.93(c)(3) against Defendant PayPal and for Plaintiff;

n)   Award of injunctive relief pursuant to Cal. Civ. Code § 1798.93(c)(3) that Defendant be ordered to immediately stop collecting this amount from Plaintiff against Defendant PayPal and for Plaintiff;

o)   Award to Plaintiff of such other and further relief as may be just and proper, including but not limited to, restitution, declaratory and injunctive relief.

## **TRIAL BY JURY IS DEMANDED**

1.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED:  May 1, 2023                    BY: /S/ LAUREN B. VEGGIAN

MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF
GREGORY KRAMER

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## **ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.